Andrew P. Karamouzis (AK 9332)
MORAN • KARAMOUZIS LLP
265 Sunrise Highway, Suite 61
Rockville Centre, New York 11570
(516) 678-6660
akaramouzis@mka-law.com

Attorneys for Plaintiff
KeyBanc Capital Markets Inc.

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---x

**KEYBANC CAPITAL MARKETS INC.,**

**Plaintiff,**

**- against –**

**MAN WAH HOLDINGS LTD. and**
**MAN WAH GROUP LIMITED,**

**Defendants.**

---x

**C.A. No. ________________**

**COMPLAINT**

Plaintiff KeyBanc Capital Markets Inc. ("Plaintiff" or "KBCM"), by and through its undersigned attorneys, MORAN • KARAMOUZIS LLP, as and for its Complaint against Defendants Man Wah Holdings, Ltd., and Man Wah Group Limited (collectively, "Defendants" or "Man Wah") hereby alleges and states as follows:

## NATURE OF THE ACTION

1. This is an action for breach of an Engagement Agreement between Plaintiff KBCM and Man Wah, dated October 22, 2025 (the "Agreement").

2. Plaintiff KBCM is a pre-eminent investment bank that serves clients across various business sectors.

3. Defendant Man Wah is one of the largest furniture producers of home furnishings in the world and maintains various business operations in the United States.

4. On October 22, 2025, Man Wah and KBCM entered into the above-referenced Agreement whereby Man Wah engaged KBCM as its sole and exclusive financial advisor in connection with Man Wah's potential acquisition of Southern Motion Inc., a furniture manufacturer specializing in motion furniture such as recliners and gliders, and its sister company, Fusion Furniture, Inc.

5. Specifically, under the terms of the Agreement between the parties, KBCM agreed to provide financial advice and assistance to Man Wah in connection with a possible "Transaction" (as that term is defined in the Agreement) between Man Wah and the "Target" (defined in the Agreement as Southern Motion Inc. and its affiliates).

6. Under the terms of the Agreement, upon the consummation of a Transaction, KBCM was entitled to receive and Man Wah was required to pay a Transaction Fee to KBCM in the amount of $750,000 (Seven Hundred Fifty Thousand Dollars) plus any out-of-pocket expenses incurred over the course of the relationship.

7. Prior to and during the term of the Agreement, KBCM provided extensive financial advisory services to Man Wah including, but not limited to, identifying the Target and facilitating initial communications and discussions, identifying and referring legal counsel to Man Wah, and providing extensive financial advice and assistance to the Company including, but not limited to, referring, advising and assisting Man Wah in evaluating various structures and forms of potential transactions, and leading and facilitating negotiations and transaction structure discussions resulting in Man Wah's acquisition of the Target, Southern Motion Inc., and its affiliate, Fusion Furniture, Inc., on December 18, 2025.

8. Under the terms of the Agreement, Man Wah owes KBCM a Transaction Fee of $750,000 (Seven Hundred Fifty Thousand Dollars), plus out-of-pocket expenses in the sum of $10,929.89 (Ten Thousand Nine Hundred Twenty-Nine Dollars Eighty-Nine Cents).

9. To date, despite repeated demand, Man Wah has failed to pay KBCM the outstanding Transaction Fee and out-of-pocket expenses that are due and owing under the Agreement.

10. As a result, KBCM has commenced this action to enforce its rights under the Agreement and collect the fees and expenses, including reasonable attorney's fees, that are rightfully and legally due and owing to KBCM.

## THE PARTIES

11. KBCM is a corporation duly organized and existing under the laws of the State of Ohio and maintains its principal place of business at 127 Public Square, Cleveland, Ohio 44114.

12. Man Wah Holdings, Ltd. ("Man Wah Holdings") is a foreign corporation incorporated with limited liability in Bermuda, which maintains a principal place of business at Man Wah industrial city, NO. 66, Longshan 1st Road, West Zone, Daya Bay Economic and Technological Development Zone, Huizhou, China, and is authorized to do business in the United States.

13. Defendant Man Wah Group Limited ("Man Wah Group") is a British Virgin Islands company, which maintains its principal place of business at Man Wah industrial city, NO. 66, Longshan 1st Road, West Zone, Daya Bay Economic and Technological Development Zone, Huizhou, China, and is authorized to do business in the United States.

14. Defendant Man Wah Holdings is the sole owner and/or owns a controlling interest in Defendant Man Wah Group.

15. Defendant Man Wah Group is a wholly owned subsidiary of Defendant Man Wah Holdings.

16. Upon information and belief, at all relevant times, Defendants Man Wah Holdings and Man Wah Group were the agent, employee, representative, representing partner, joint venturer, and/or representing officer of each other remaining and as such was acting within the course and scope of said relationship. Upon information and belief, each of the Defendants conspired in, participated in, consented to, ratified, and/or authorized the wrongful acts as to each of the remaining Defendants as more fully alleged herein.

## JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because there is diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

18. Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. Section 13191(b)(2) because a substantial portion of the events giving rise to the claims asserted herein occurred in this District.

19. Further, pursuant to Section 13 of Appendix A to the Agreement, Man Wah expressly agreed and consented to personal jurisdiction and venue in this Court.

20. Accordingly, this Court has personal jurisdiction over both Man Wah and venue is proper in this District.

## FACTUAL BACKGROUND

21. On October 22, 2025, Plaintiff KBCM and Man Wah entered into the Agreement under which KBCM agreed to provide financial advice and assistance regarding Man Wah's potential acquisition of Southern Motion, Inc. and its affiliates in consideration for Man Wah's

payment of certain compensation and fees to KBCM upon the consummation of a Transaction as that term is defined in the Agreement.

22. A true and correct copy of the Agreement between Plaintiff KBCM and Defendant Man Wah Holdings, dated October 22, 2025, is attached hereto as **Exhibit A.**

23. Likewise, on October 22, 2025, Plaintiff KBCM and Defendant Man Wah Group entered into the same Agreement under which KBCM agreed to provide financial advice and assistance regarding Man Wah's potential acquisition of Southern Motion, Inc. and its affiliates in consideration for Man Wah's payment of certain compensation and fees to KBCM upon the consummation of a Transaction as that term is defined in the Agreement.

24. A true and correct copy of the Agreement between Plaintiff KBCM and Defendant Man Wah Group, dated October 22, 2025, is attached hereto as **Exhibit B.**

25. As it was unclear at the time of execution which of the Man Wah entities would be conducting the Transaction, two separate, but otherwise identical agreements were executed by Man Wah Holdings and Man Wah Group.

26. As the two Agreements are identical, for ease of reference, the two agreements will be collectively referred to herein as the "Agreement."

27. As set forth in detail in the Agreement, Man Wah engaged KBCM as its "sole and exclusive financial advisor to the Company in connection with a possible Transaction . . . ." *See* Agreement, at 1.

28. The Agreement defines the term "Company" as Man Wah together with its subsidiaries. *See* Agreement, at 1.

29. The Agreement also provides that "[r]eferences herein to the Company shall be deemed to include any entity or other structure that the Company may form or utilize to effect any of the transactions contemplated hereby." *See* Agreement, at 1.

30. The Agreement defines the term "Transaction" as:

> …whether in one of a series of related transactions, the sale, transfer or other disposition, directly or indirectly, of all or a material portion of the business, assets, divisions or securities of the Target (herein defined below) to the Company, whether by way of a merger or consolidation, reorganization, recapitalization or restructuring, tender or exchange offer, negotiated purchase, leveraged buyout, lease or license, investment or partnership, joint venture, spin-off, split-off or otherwise (each such transaction, a "Transaction").

*See* Agreement, at 1.

31. The Agreement defines the term "Target" as Southern Motion, Inc. and its affiliates. *See* Agreement, at 1

32. Under the Agreement, as consideration for KBCM's services, Man Wah agreed to pay a KBCM "a transaction fee (the "Transaction Fee") in the amount of $750,000, payable in full promptly upon consummation of a Transaction." *See* Agreement, at 2.

33. The Agreement also provides that regardless of whether any Transaction occurs, Man Wah will "reimburse KBCM periodically, upon receipt of an invoice therefor, and upon consummation of the Transaction or transactions contemplated hereby, for all reasonable out-of-pocket expenses incurred in connection with the performance of its services under this letter agreement. . . ." *See* Agreement, at 2.

34. The Agreement provides that it may be terminated with or without cause by either party upon 30-days written notice to the other party. *See* Agreement, at 2.

35. The Agreement further provides that if the Agreement is terminated, Man Wah shall: (i) pay KBCM the Transaction Fee if a Transaction is consummated within 12 months of the termination of KBCM's engagement; and (ii) remain liable for KBCM's reasonable out of pocket expenses incurred and fees earned up to the time of termination. *See* Agreement, at 2.

36. The Agreement further provides that "[i]f the Transaction Fee is not paid in full within five business days following consummation of any Transaction then the Company agrees that it will be responsible for all fees and expenses incurred by KBCM (including reasonable fees and disbursements of KBCM's legal counsel) in connection with any action, suit or proceeding instituted in order to enforce the Company's obligation to pay KBCM the Transaction Fee and/or to reimburse KBCM for expenses as provided by this letter agreement." *See* Agreement, at 2.

37. KBCM fully performed its contractual obligations under the Agreement by, among other things, identifying the Target and facilitating initial communications and discussions, identifying and referring legal counsel to Man Wah, and providing extensive financial advice and assistance to the Company including, but not limited to, referring, advising and assisting Man Wah in evaluating various structures and forms of potential transactions, and leading and facilitating negotiations and transaction structure discussions.

38. On December 8, 2025, Man Wah terminated the Agreement, by letter dated December 8, 2025.

39. With full knowledge of the express terms of the Agreement and its contractual obligations thereunder, over the next ten (10) days, Man Wah affirmatively pursued and negotiated the acquisition of Southern Motion and its sister company, Fusion Furniture Inc.

40. On December 18, 2025, Man Wah announced that Man Wah (USA), its wholly owned subsidiary, had purchased Southern Motion and Fusion Furniture, Inc. for $32 million in cash and an interest-free loan of $26,670,335.51 to the target group to repay a U.S. bank facility.

41. Upon information and belief, the total acquisition value of the Transaction, including the debt retired at closing, was approximately $58.7 million.

42. Under the terms of the Agreement, the transaction between Man Wah and the "Target" (defined as Southern Motion and its affiliates) constitutes "the sale, transfer or other disposition" of "a material portion of the business, assets, divisions or securities of the Company." *See* Agreement, at 1.

43. Under the terms of the Agreement, the transaction between Man Wah and Southern Motion and Fusion Furniture (the "Target") triggered Man Wah's contractual obligation to pay the Transaction Fee to KBCM. *See* Agreement, at 2.

44. Specifically, under the terms of the Agreement, Man Wah was and is contractually obligated to pay KBCM a Transaction Fee of $750,000 (Seven Hundred Fifty Thousand Dollars) plus KBCM's "reasonable out-of-pocket" expenses incurred in connection with the Agreement. *See* Agreement, at 2.

45. On or about December 19, 2025, KBCM sent an Invoice to Man Wah in the total sum of $760,929.89 (Seven Hundred Sixty Thousand Nine Hundred Twenty-Nine Dollars and Eighty-Nine Cents), which sum represents the Transaction Fee of $750,000 (Seven Hundred Fifty Thousand Dollars) and out-of-pocket expenses of $10,929.89 (Ten Thousand Nine Hundred Twenty-Nine Dollars and Eighty-Nine Cents), and remains due and owing.

46. A true and correct copy of the KBCM Invoice, dated December 19, 2025, is attached hereto as **Exhibit C.**

47. Despite KBCM's repeated demand for payment, Man Wah has failed to pay the outstanding Transaction Fee of $750,000 (Seven Hundred Fifty Thousand Dollars) and out-of-pocket expenses of $10,929.89 (Ten Thousand Nine Hundred Twenty-Nine Dollars and Eighty-Nine Cents) to KBCM as required under the terms of the Agreement.

48. Based upon its failure to pay the Transaction Fee and the out-pocket expenses to KBCM, Man Wah is in material breach of the Agreement.

49. Finally, the Agreement also provides that "if the Transaction Fee is not paid in full within five business days following consummation of any Transaction, then the Company agrees that it will be responsible for all fees and expenses incurred by KBCM (including reasonable fees and disbursements of KBCM's legal counsel) in connection with any action, suit or proceeding instituted in order to enforce the Company's obligation to pay KBCM the Transaction Fee and/or to reimburse KBCM for expenses as provided by this letter agreement." *See* Agreement, at 2

50. Accordingly, under the plain terms of the Agreement, Man Wah is liable for and KBCM is entitled to full payment of the Transaction Fee, all out-of-pocket expenses and all legal fees and expenses incurred in connection with the prosecution of this action.

## AS AND FOR A FIRST CAUSE OF ACTION
**Breach of Contract**

51. Plaintiff KBCM repeats and reiterates each and every allegation contained in paragraphs 1 to 50 of this Complaint as though fully set forth herein.

52. The Agreement between Plaintiff KBCM and Man Wah is a valid, binding and enforceable contract.

53. KBCM has fully performed all of its contractual obligations under the Agreement.

54. Despite due demand, Man Wah has failed to pay KBCM the sum of $760,929.89 (Seven Hundred Sixty Thousand Nine Hundred Twenty-Nine Dollars and Eighty-Nine Cents),

which sum represents $750,000 (Seven Hundred Fifty Thousand Dollars) and out-of-pocket expenses of $10,929.89 (Ten Thousand Nine Hundred Twenty-Nine Dollars and Eighty-Nine Cents), and remains due and owing.

55. Based upon their failure to pay the Transaction Fee and the out-of-pocket expenses due and owing to KBCM, Man Wah has breached and remains in material breach of the Agreement.

56. As a direct and proximate result of Man Wah's material breach of the Agreement, Plaintiff KBCM has suffered and will continue to suffer substantial damages in an amount to be determined at trial, but in no event less than $760,929.89 (Seven Hundred Sixty Thousand Nine Hundred Twenty-Nine Dollars and Eighty-Nine Cents), plus applicable pre- and post-judgment interest at the New York statutory rate and the costs and expenses in prosecuting this action, including reasonable attorney's fees.

**AS AND FOR A SECOND CAUSE OF ACTION**
***Quantum Meruit***

57. Plaintiff KBCM repeats and reiterates each and every allegation contained in paragraphs 1 to 56 of this Complaint as though fully set forth herein.

58. As set forth in detail above, KBCM provided substantial work, effort and resources to and on behalf of Man Wah and Man Wah received a direct, tangible and substantial benefit as a direct result of KBCM's work and efforts and at KBCM's direct expense.

59. Plaintiff KBCM provided its professional services to Man Wahs in good faith and with the expectation that it would be compensated for its work and efforts.

60. Man Wah knowingly and willingly accepted KBCM's professional services with full knowledge and the expectation that it would be required to compensate KBCM for its professional services.

61. The reasonable value of KBCM's professional services to Man Wah is $760,929.89 (Seven Hundred Sixty Thousand Nine Hundred Twenty-Nine Dollars and Eighty-Nine Cents).

62. Despite due demand, Man Wah has failed to compensate KBCM for the reasonable value of KBCM's professional services, which sum is rightfully due and owing to KBCM.

63. As a direct and proximate result of Man Wah's wrongful conduct, Plaintiff KBCM has suffered and will continue to suffer substantial damages in an amount to be determined at trial, but in no event less than $760,929.89 (Seven Hundred Sixty Thousand Nine Hundred Twenty-Nine Dollars and Eighty-Nine Cents), plus applicable pre- and post-judgment interest at the New York statutory rate and the costs and expenses in prosecuting this action, including reasonable attorney's fees.

## AS AND FOR A THIRD CAUSE OF ACTION
**Unjust Enrichment**

64. Plaintiff KBCM repeats and reiterates each and every allegation contained in paragraphs 1 to 63 of this Complaint as though fully set forth herein.

65. As set forth in detail above, KBCM provided substantial work, effort and resources to and on behalf of Man Wah and Man Wah was substantially enriched as a direct result of KBCM's work and efforts and at KBCM's direct expense.

66. Plaintiff KBCM provided its professional services to Man Wah in good faith and with the expectation that it would be compensated for its work and efforts.

67. Man Wah knowingly and willingly accepted KBCM's professional services with full knowledge and the expectation that it would be required to compensate KBCM for its professional services.

68. Despite due demand, Man Wah has failed to compensate KBCM for all sums which are rightfully due and owing to KBCM.

69. Equity and good conscience require Man Wah to compensate KBCM for all sums which are rightfully due and owing to KBCM.

70. Likewise, Man Wah should not be permitted to receive a windfall in the form of uncompensated professional services from KBCM.

71. As a direct and proximate result of Man Wah's wrongful conduct, Plaintiff KBCM has suffered and will continue to suffer substantial damages in an amount to be determined at trial, but in no event less than $760,929.89 (Seven Hundred Sixty Thousand Nine Hundred Twenty-Nine Dollars and Eighty-Nine Cents), plus applicable pre- and post-judgment interest at the New York statutory rate and the costs and expenses in prosecuting this action, including reasonable attorney's fees.

**WHEREFORE,** Plaintiff KBCM respectfully requests that this Court enter judgment against Man Wah as follows:

i. Adjudging that Defendant Man Wah is in default of and material breach of the Agreement based upon its failure to pay Plaintiff KBCM the total sum of $760,929.89 (Seven Hundred Sixty Thousand Nine Hundred Twenty-Nine Dollars and Eighty-Nine Cents), which sum remains due and owing;

ii. Awarding compensatory damages in favor of KBCM and against Defendant Man Wah in the total sum of $760,929.89 (Seven Hundred Sixty Thousand Nine Hundred Twenty-Nine Dollars and Eighty-Nine Cents), which sum represents a Transaction Fee of $750,000 (Seven Hundred Fifty Thousand Dollars) and out-of-pocket expenses of $10,929.89 (Ten Thousand Nine Hundred Twenty-Nine Dollars and Eighty-Nine Cents);

iii. In the alternative, adjudging that Plaintiff KBCM has performed substantial work and provided substantial services to Defendant Man Wah and is entitled to just compensation for its professional services in an amount to be determined at trial, but in no event less than $760,929.89 (Seven Hundred Sixty Thousand Nine Hundred Twenty-Nine Dollars and Eighty-Nine Cents)for which KBCM has not been compensated;

iv. In the alternative, adjudging that Defendant Man Wah has been unjustly enriched at Plaintiff KBCM's direct expense in an amount to be determined at trial, but in no event less than $760,929.89 (Seven Hundred Sixty Thousand Nine Hundred Twenty-Nine Dollars and Eighty-Nine Cents);

v. Adjudging that Defendant Man Wah is liable for and shall pay all fees and expenses, including reasonable attorney's fees and related disbursements, incurred by KBCM in the prosecution of this action in accordance with the terms of the Agreement; and

vi. Awarding KBCM all such other and further relief that this Court deems just and proper.

Respectfully submitted,

Dated: July 27, 2026

**MORAN • KARAMOUZIS LLP**

By: *Andrew P. Karamouzis*
Andrew P. Karamouzis (AK 9332)

265 Sunrise Highway, Suite 61
Rockville Centre, New York 11570
(516) 678-6660
akaramouzis@mka-law.com

Attorneys for Plaintiff
KeyBanc Capital Markets Inc.